HAWKES, C.J.,
concurring.
I fully concur with the decision to affirm the trial court’s order terminating Appellant’s parental rights. However, I would add that under no circumstances can Appellant’s argument regarding the retroactive application of section 39.806(1)(Z) be valid.
Appellant claims that because two of the three times the State removed children from her custody occurred prior to the statute’s effective date, she “had no notice” that a third offense may lead to the termination of her parental rights. To accept Appellant’s argument is to acquiesce to the notion that she had some vested right in the Legislature never reevaluating how to protect children in the State of Florida. Such an argument is fundamentally flawed and similar claims have been continually dismissed when raised to challenge the application of other statutes that treat repeat occurrences of bad behavior differently than a single occurrence. See e.g., Fla. Stat. § 316.193(2)(b) (2008) (any person who commits DUI and has previously been convicted two or more times for the same offense, commits a felony of the third degree); Fla. Stat. § 322.264(1) (2008) (any person who commits a traffic violation and has previously accumulated a specific number of traffic violations may be adjudicated as a ‘habitual traffic offender’); Fla. Stat. § 812.014(3)(e) (any person who commits petit theft and has previously been convicted two or more times of any theft commits a felony of the third degree).
The Legislature, within broad constitutional parameters, is always able to place consequences on individual behavior. Here, the Legislature concluded it is harmful for children to be removed from the same home numerous times; therefore, prior instances of out-of-home placement can be relied on in establishing grounds for the termination of parental rights. The Appellant does not challenge this premise. Instead, Appellant argues that she is exempt from these rules because she was already well on her way to meeting the statutory requirement for having her parental rights terminated when the Legislature placed harsher consequences on her future behavior.
Like other statutory provisions recognizing the danger posed by repetitive bad behavior, section 39.806(1)(Z) was designed to protect children when parents continually engage in conduct warranting out-of-home placement. Not only have these parents proven they are incapable of improving their behavior, but they have created a situation of instability and uncertainty for their children by causing a need for them to be repeatedly uprooted. Consequently, there is nothing improper, retroactive, or violative of any of Appellant’s rights in the Legislature’s decision to authorize the courts to consider additional factors when making termination of parental rights decisions. Thus, even if Appellant had preserved her claim, I would affirm the order terminating her parental rights based on the lack of merit in her argument.